I represent the Glendale Union High School District, District No. 205 and its Governing Board. I will be referring to the appellants in this case jointly as the district. The district respectfully asks this Court to grant relief in this particular matter on three different bases. One would be to either remand the matter below for a new trial to the bench. The other one would be to remand the matter with instructions for directed verdict. The other one would be for a new trial to a jury. These are all, of course, in the alternative. There are seven issues presented that are in front of the Court at this particular point. I will focus primarily on the first four and give the Court a small recap of the facts that may be relevant in this particular matter. Ms. Lutz was an administrator for the district for approximately 15 years from 1982 to 1997. And prior to that a teacher for about 10 years? That is correct. So a 25-year employee? 25-year total in employment with the district. That is correct. She was transferred about seven times during the course of her tenure as an administrator, the latest one coming at the end of 1996-97 school year from Thunderbird to Washington High School. In 1992, she became the assistant principal at Thunderbird High School, where she was in charge of student services and was overseeing the staff of four school counselors. Her relationship with the school counselors was anything but good. In 1995, two of them filed a grievance against her, and he testified at trial that by the end of her tenure the situation was untenable between them. Also in 1994, she applied for the principalship at the school of Thunderbird, and she didn't get it. It was instead given to Dr. Jennifer Johnson, who became her supervisor. Their relationship was not good either, and they had several meetings with the superintendent of the school, Jim Kiefer, to discuss their relationships. In 1997, it became clear to Superintendent Kiefer that the situation was not going to work out. I see the reason you're recounting the facts. I'm sorry, Your Honor, I didn't hear you. I see the reason you're going through a chronological. I mean, we have read the briefs, and you've got 17 minutes and 25 seconds left. And, I mean, you can go and use them reciting the facts, but we've had a jury trial here. That is correct, Your Honor. The jury has determined the facts. Correct. And we now have a bunch of legal issues. So, you know, go ahead and give seven minutes. I'll accept your invitation and discuss the first main issue really in this case, which is whether a jury trial should have been granted. In that regard, I was not able to find an order in the record where the court actually ruled on this issue. I may just not have been there. The record is fairly big, and we may not have found it. Was this a written order? Was it in open court? It was in open court. It was an oral motion that was renewed at the time of the first pretrial conference. I believe we had four pretrial conferences in this case during the first one, and you have the citation to it in the record. You say there was an oral motion? Yes, Your Honor. Now, I don't have the full record. All I have is the excerpts of record. Yes, Your Honor. Is the oral motion somewhere in the excerpts of record? Yes, Your Honor. Where? It is right at the beginning. I'm sorry, I don't have the pinpoint site to give you right now. I do cite it in the opening brief and make the specific reference in there to the trial transcript where the judge actually denies the oral motion that's made during the first. Well, I have the judge's denial where he says, we're going to have a jury. That's at tab 19. Page 23 on the transcript page. Yes, that sounds about right, Your Honor. But where's the motion? Well, Your Honor, the motion, first and foremost, the court asked us at that time what issues were left to actually decide at the time of the pretrial conference. That's when the issue of the fact that plaintiff had waived. I won't beat around the bush. The beginning of the page that I have in the excerpts, and I've not gone back to the underlying record, says the bench or for a jury. It sounds as though Mr. Fine said that. The court says before who or before what? Mr. Fine, the trial will be before Your Honor or before a jury. The court, has a jury been requested? Mr. Stewart, yes. Mr. Fine, the original complaint did not request a jury, nor when it was removed was there a request for a jury. The court, has there been an amendment complaint filed? Yes. The court, doesn't that start again the time to ask? That's it. Then the judge says, we're going to have a jury. Now, is there a motion that was made before I began reading this transcript? Because I do not have that in front of me. No, outside of that particular point, Your Honor, that was it. It was also mentioned. It doesn't sound like a motion to me. It doesn't sound like a discussion. The point was, sometimes that's all that we get to do, to discuss those particular issues. That was also discussed at the initial Rule 16 conference back, I believe, in May of 2002. Did you ever make any more, or did anyone on your side, Mr. Fine or you, ever make any more explicit objection than saying the original complaint did not request a jury, nor when it was removed there was a request for a jury? There was also a mention that is made in the answer in which we opposed the jury trial on the amendment, Your Honor. In your answer, you're saying? In the answer to the amended complaint. Okay. I'm sorry. And you opposed it on grounds it was untimely? That is correct, Your Honor. And that's in the answer to the first amendment complaint? No, no, Your Honor. I mean, as far as, I mean, the ground that we are raising here is a matter of untimeliness. The motion itself, the affirmative, or the defense itself that's listed in the complaint simply states that no jury demand has been properly requested. Well, you have two things, Your Honor. You have, there's no demand for a jury in the original complaint, because under Arizona law, that was not the proper proceeding. That is correct. You're then removed to federal court. They file a new cause of action in an amended complaint in which a demand for a jury is made. And I think your position is that that, do you dispute this, that the demand for a jury is good as to that cause of action? I'm sorry, as to which cause of action? The new cause of action that's alleged in the amended complaint. No, it's not good as to those either, Your Honor, because they are the same causes of action, only stated on different statutes. The premise is, I have not, the premise of the case has not changed one iota from the time it was filed to when the amended complaint itself was filed. What was the nature of the new cause of action that was added in the amended complaint? We went from simply having ADA discrimination and retaliation to also having its state counterpart, which is the Arizona Civil Rights Act, and then having to re- Okay, but that's the Federal Rehabilitation Act. Yes. Okay. So you went from going from an ADA complaint to an ADA plus a Rehabilitation Act plus a state cause of action, the latter two being added in an amended complaint, and you're arguing that because they failed to, at the time of removal, to ask for a jury as to causes of action they hadn't yet alleged, that they've waived the jury as to those causes of action? That's correct, Your Honor, because the matrix of fact under which all those causes of action had not changed. As a matter of fact, if we had just proceeded under the ADA cause of action, we'd be in exactly the same position that we are today, because the standards would have been the same and the arguments would have been the same. So even though there are those additional causes of action that are stated, they are not waived. Was it a surprise to you that the plaintiff wanted a jury in this case? Yes, Your Honor. How could it possibly be a surprise to you when in their original complaint they talk about to be tried to a jury? Your Honor, the mention of the complaint is not really to try to a jury. The mention that it's a complaint is the standard form that all plaintiffs use. Well, I read that, and it's the standard form because you can't specify the amount. You've got to specify as found by a fact finder. That is correct. But the complaint doesn't say fact finder. The complaint says jury. That's correct, Your Honor. Therefore, it says jury. It doesn't say judge. It doesn't say fact finder. It says jury. And what plaintiff doesn't want a jury on facts like this? That is to say, when you say you were surprised by there being a jury, you're probably the only person in town who was surprised. I don't think so, Your Honor. Quite frankly, there's always a matter of logic. Did your case preparation change because you thought this wasn't a jury trial? I don't know that. That's a hard question to bring back in hindsight in terms of how it would have changed. Did your case presentation change because somehow you did not have a chance to prepare, knowing that it might be a jury trial? I think that there was a difference in the way in which we had to approach the case because it was a jury trial. Well, I understand that, but that wasn't quite my question. I'm asking prejudice. In other words, is somehow when you came to the trial and you knew that there was a jury at some point, were you prejudiced because there was some sort of evidence that would have been appropriate to present to a jury that you didn't have on hand? When we were presenting the case to the jury itself? I'm exactly right. Were you prejudiced by the fact that this was a jury? That is to say, you claim that you were surprised by the fact that this was a jury. At some point, you have to realize it really is going to go in front of a jury. I mean, tell me what the prejudice is. I'm not sure that I am answering your question, but certainly as far as my concern, the case was going to be more than the amount of time it takes to go to the next trial. Well, I understand that, but that's just in the nature of being a jury trial. But I'm asking, are you getting a different result because it's a jury trial than if you had had early warning and no surprise and taking for the moment your statement that you were surprised? Well, I think so, Your Honor. Particularly as far as the social security disability was concerned. What would have actually been is the opportunity to present it to the judge under a particular kind of a process. And, Your Honor, you know, one understands you might not think that it is actually relevant information and may not be admissible. Yeah, no, that's a different question. But let me ask yet a different question. And that is, I've heard you say, and I think you stated it accurately, that the complaint as filed in state court did not comply with Arizona procedure for requesting a jury trial. That's correct. And that's because at this early stage in Arizona, you can't ask for the jury. You ask for it later. No, that's not accurate, Your Honor. What is the Arizona procedure? I see. Would you have had the option in Arizona also of asking for it later? Yes, Your Honor. Okay. So these people had not foreclosed asking for a jury under Arizona procedure. That's correct. The only thing that Federal Rule 39 seems to say is that a jury trial demand may be endorsed upon the pleading. It says nothing about how it has to be stated. Now, there's certain customs that have grown up, but there's nothing in the rule that says it has to be presented in such and such a way. And as I look at the complaint filed in state court, and I'll pick out the one that seems to be the ADA one that was carried over. I'm now on page eight and nine of the complaint. It's count one. Plaintiff requests the court to, and then number two, enter a judgment in favor for such back pay as may be found by a jury. Number three, enter a judgment in favor of plaintiff for such amount may be awarded by jury for compensatory damages, then award the plaintiff punitive damages, jury not there mentioned. Now, the word request is there. I doubt you attach much importance to the difference between the word request and the word demand, but we do have a request. And they want money as a jury would award it. Now, I understand this is not the normal way to do it in federal court. And I understand your point that this is a formulaic phrase, although the formulaic phrase could easily have accomplished the same thing under Arizona law by saying fact finder instead of jury. So I have trouble seeing why this is unsatisfactory when the only thing that rule 39 says is that the demand for the jury may be endorsed upon the pleading. Have you read our Mondor case? I think that's inconsistent with your last statement. I disagree on this. The carbide in Mondor, the carbide is when it is clear that the jury trial is requested by the owner. In this particular case, it wasn't clear to us that it was a request that came in because of the simple fact that it says the jury trial. That's where one other thing comes in. Number three asks for compensatory damages, which are not available to the plaintiff in this particular case for a jury trial against a public entity. Well, I understand that, too. So, I mean, you can make a jury trial demand on certain counts, but not all counts. All of them, if you look at a complaint that she would have to give, it's a demand for a jury trial. So he has to back out, which, you know, if that's what the plaintiff wants to do, it's fine, but it is a little. But the way I think is a perfectly permissible reading of that complaint as filed in Arizona state law, where it was required that the plaintiff specify that the amount of damages be as determined by fact finder. That is to say for damage assert, not punitive. They didn't need to require that under Arizona law as a matter of pleading. Where it was required that it be specified that damages be as awarded by fact finder, every time that fact finder specification was required, they said jury. I mean, I'm trying to figure out what I'm supposed to do here when our black letter law tells us that the jury demand not be in any particular form. Well, there's no particular form, but at the same time, there are some procedures that are set in the authorization in 59 and 181 that we have to have a look at. And rule 81 specifically states that if it doesn't meet the standard of the state court, then you do not have a cause of action, I'm sorry, a demand that's been properly made. Montgomery Park's not the exception, but only when it is clearly visible that that's what's being requested. I submit to the Court that it does not take on the fact that there is a demand. And if there isn't a demand, it is only as to the amount of damages itself for a trial by jury. Therefore, it is not proper. Even on the long law, where we have in the exception a demand that is brought by a plaintiff, that's set on the caption itself. A jury's job is to request it. Okay. How much of this have you preserved? I'm coming back to the point we were on earlier as to tab 9. Your objection to the judge's ruling is, if it's an objection at all, pretty half-hearted. I gather your answer is that you preserved the issue by raising it in the answer and you didn't have to argue back with the judge. That's correct. But that presupposes a sequence of events. The transcript that we read from, I'm looking at tab 9, which is your answer to the First Amendment complaint, and that's June 19, 2002. The transcript that is on tab 19, November 2002. Right. Okay. So the answer, which is at tab 9, came in first. And there in paragraph, on page 6, count 5, count 6, and jury demand you object is untimely. So that's your position, that you preserved it there. I believe that it's correct. The other thing is, in the way in which this was really at the end of the pre-trial process, literally, as each trial was a lot longer than the first one, and those examiners in the hearing essentially says, all you have to do is submit your complaint to get maturity trial. That's what came up in my years of practice. That's the way it is. And essentially, forecloses the discussion. People get skewered by that kind of thing all the time. Aren't there minute orders after the, was there a minute order after this conference that noted the ruling on the jury demand? I'm sorry, I didn't understand your question. A minute order, you know what a minute order is? A minute after, but it wasn't a minute order. You practice in Los Angeles, don't you? Where do you practice? In Arkansas. Oh, in Central District. I don't know what it's done elsewhere, but when the district judge issues oral rulings, the clerk takes them down and then nicely types out what we call a minute order, which includes, and a good clerk will pick up everything the judge says, including if something is not there, if counsel gets one of those things and an order is uttered by the judge that is not reflected in the minute order, the lawyers can then object. I don't recall specifically if there was a minute order in this one, but I'm honestly kind of high-handed. Mr. Beddoe, before you sit down, if we were to agree with you that you were entitled not to have a jury on your ADA claim, does the whole thing have to go back for retrial, or can we sever out the rehabilitation and state claims? I believe that you can parcel out exactly what the remand should be to the trial court and figure out what needs to be sent back. Okay. Does that mean then, are you then suggesting that we don't have to send back for retrial claims under the Rehabilitation Act, for example? What do you do about the damages? Can you apportion the damages between those claims? I recognize my time is expired. I'd like an answer here. I'm not certainly sure about the proper procedure, but I'm honestly in terms of how these have to be sent back to the district court. But your basic view is that the jury trial was waived as to those claims as well, because they're based on the same nucleus of facts, and that jury debates have to be as to facts, not as to legal issues, if I understand correctly. But Judge Bobby's question was presupposed on the other reading, and what you're saying is you don't have a view as to, if we read that conclusion, as to what happens? You don't have a view? I mean, I... I believe if you read the Las Vegas Sun decision, I think the important utility is the basis of facts in terms of the modification. Yeah, I don't want you to re-argue that point. What I'm saying is, assuming you lose on that point, that the view that Judge Bobby has suggested is the view we adopt, now faced with that reality, what is the appropriate... Let's say that's the final resolution of the case. That's how it comes out. How do we deal with the remand? Making that assumption that you can either do one of two things, one of two things is to remand the entire case according to determination or parcel out the information that you have from the jury special burden claim and make a determination to publicly establish a pre-confession case and begin solely with the presumptive interest of the jury to control the court. Okay. Thank you. Okay. Well, I should add one last question. I'm sorry to delay you. No problem. There's a case that was cited by neither side that may have some bearing on this. It's called United Press Associations v. Charles. It's our case, 245F221. Now, it's a long opinion by Circuit Judge Fee, and there are a lot of things in it, but one way of reading that case is that the judge has discretionary power to order a jury trial, provided there's no prejudice to the party who didn't want the jury. Now, I don't know whether either of you ran into that case in your researches for this case or not. Your Honor, the most recent decisions that I have seen from the Ninth Circuit in terms of the waiver of the jury trial of the Trans-Siberian and Pacific fisheries, and all of those cases, the Ninth Circuit stands apart from a number of other circuits that considers the various equities, if you will, of whether jury trials should be conducted or not. The jury trial has a much more bright-lined task of determining the different waivers of the various equities. And there is very limited discretion under Rule 39 to fund it for the court. It's not your run-off-the-mill, if you will, discretion on the trial of the judge. Thank you. I thought not. I thought we said pretty clearly that there has to be something more, there has to be some cause beyond mere inadvertence. Unless we determine that there has been more than mere inadvertence, there is no discretion to exercise. Now, if there has been more than mere inadvertence, then there's a bit of discretion once the threshold has been established. But on the threshold question, I don't think it's a discretion at all. Well, there's none that says we want a jury trial. There's not a single one that says we want a jury trial. Well, it says that the issue should be decided by the jury in whatever language and reference. Well, what it says is we request judgment as determined by a jury. Not that we request a jury. We request judgment as determined by a jury. We request the jury to decide it's an issue. I'm sorry? We request the jury to decide it's an issue. Where does it say that? Well, let me get that. Where does it say that? Okay. I've got tab one. I'm sorry? You already referenced it, sir. But on tab one, for instance, I made the interjudgment in favor of the plaintiff's bad pay and value-loss complaint benefits as may be found by the jury. Okay. Where does it say I'm requesting a jury? Well, it doesn't specifically state that. It uses the language state as may be found by the jury. So why are you overstating? I mean, you think we why are you overstating when you stand there? You get up and you overstate your case. Well, you know perfectly well we have the complaint and have read it. I mean, you said, you stood there and said, oh, we have several instances where we request the jury. There's nothing like that in your complaint. It doesn't help you, I mean, to overstate. I always rephrase it. I don't overstate my case. I think it's very clear what's in the complaint. I don't think there's any surprise. It's interesting to note it's in the record. When they filed a motion for summary judgment before this, when the case came up before this court before. Do you have any reference to liability being determined by a jury? Liability? Do you have any phrase that connects jury to liability? Not a reference in the complaint. Does it or doesn't it? I don't see one in the complaint. Okay. And if anybody would, you would since you drafted the complaint, right? That's correct. Okay. Counselor, do you contend that the reference that you made to the jury in your complaint was sufficient under Arizona law to get you to a jury in Arizona State Court? Not at that particular time. Okay. So this was not adequate under Arizona. This did not satisfy Arizona law. That was not a sufficient demand for a jury under Arizona law. Correct. At that time, that's correct. But the issue is not whether it's correct in Arizona law. Under my case, it's whether it's, on a remand case, whether it's correct under the federal law. And under the rules that were stated in 38B, such demands may be endorsed upon the state. Right. The question is whether this is specific. But we have an even more specific rule in 81C that addresses what happens on removal, which is your problem here. Rule 38 may express the fine rule for how you may demand a jury when you filed an initial complaint in federal court, but you didn't. You filed in state court, and the case was then removed. And Rule 81 would seem to address that specifically. And you didn't comply with Rule 81, did you? Well, I think we did. Because 81C provides the opportunity to apply if the jury demands a removal action to a responsibility that had not been filed prior to removal. And in the monitor case, the court indicated that 81C states that re-pleading is not necessary unless the court so orders, and as the jury demanded on the original state complaint satisfied, to remove Rule 38B. So I guess what I'm saying is that the argument is that even though it may not have complied at that particular time with Arizona law, it was good enough under 38B to get passed because it was in the complaint. And it put them on notice. And the point I wanted to make was when they say that they're surprised that we couldn't prepare for this, and I'll start to make the argument, way far back at the motion for summary judgment stage before the appeal of the first time, they didn't answer the complaint. They filed a motion for summary judgment. In our response to the motion for summary judgment back in 1998, we made a reference to requesting a jury three times in that document. We filed a corrective response. We also made a reference. We want a jury trial. This is a jury question. In the judge's opinion, he referred to reference to when he ordered against us and the court was coming up on appeal, he referenced it three times. Now, in our opening brief, we mentioned it 18 times. In our reply brief, we mentioned it five times. But what difference does it make if are any of those things sufficient to be a jury demand on the federal law? I mean, none of those things say I demand a jury. They make reference to it. And is there any case, interpreting 38, that says this is enough? I'm not trying to say that those demands end up in the cell. Now, what I'm saying is how can they come in and say that they were surprised by the fact when it was a completely previous charge to the jury? All right. So maybe counsel didn't overstate the case when he said she was surprised. Maybe he wasn't surprised. So what? So maybe let's say they were not at all surprised. But I think in one case also. But the question remains, surprised or not, what is it about any of these things that would be a sufficient demand for a jury trial on the federal law? Where do you have a case that says, that comes anywhere close to saying this is enough? Well, I think Mondor talks about it. He says that it was in the complaint. I know Mondor had a more specific complaint, I think, in Redding. But I think the rule is that you don't want to court justice by making such a hard requirement for the jury that it doesn't allow a jury trial in the circumstance when they should have known or they did know that there was an actual jury. If I can read Rule 81 just to make sure I understand your argument properly. In the middle of Rule 81C, in the middle of Rule 81C, there's a sentence that begins, if at the time of removal, if at the time of removal, it's kind of in the middle of the rule. If at the time of removal, all necessary pleadings have been served, are you with me? A party entitled to trial by jury under Rule 38 shall be accorded it. If the party's demand, therefore, is served within 10 days after the petition for removal is filed. Well, I think this may come down to a very simple question to which the answer may not be obvious, but I think it's a very simple question. If your statements in your state complaint satisfy Rule 38, you're fine. Yes. If they don't, you're not. Yes, I'm happy. Yeah. Which brings me to the question I asked you. What case do you have that says that this, under federal law, interpreted in Rule 38, is anywhere near close enough? Mondo doesn't help you any. All that Mondo says is you look to federal law. It doesn't... All Mondo does is say the fact that you didn't comply with Arizona law doesn't make any difference. You still need something in federal law to say that making a reference to a jury in a complaint, even though you don't say I demand a jury or request a jury or anything like that, that that's enough. And do you have anything like that? Do you have a case anywhere in the United States? Anywhere in the federal courts? I'm not aware of one that I can do a... I mean, the cases are, in fact, pretty stringent. They say you want a jury. I mean, in fact, they are almost sort of hostile to the idea of having a jury to the point of saying, if you want it, you've got to do it. You've got to cut corners squarely. You've got to make it a clear demand. I don't think there's any questions to that. There's no question, I think, that preparation practice would lead to maybe a more specific jury demand. But the point is, is that... It would be very easy to write an opinion saying, explaining why you lose. Why don't you tell me how to write an opinion that would say you win? Because there's no... No, no. How do I do it? How would... What would it look like? What would it cite as authority? I mean, it could be an opinion in the sense that it would be sort of our opinion without citing anything. But what would we cite as support? There's no demand, right? I'm sorry. You mean removal cases. Yes. So I guess if you're looking for some reason to put in your opinion, you say this circuit should use a balancing test rather than just... Because other circuits have done that. I think it's a good rule. What helps you... I'm not sure whether it gets you all the way you need to go, is it's black-letter law that the endorsement on the pleading contemplated in Rule 38B is not required to take any particular form. That's correct. And the question then could be, is what's written here in this state complaint sufficient notice to the adverse party that you want a jury? I think that's correct. But I looked very hard to find a case that gave me the particulars of, okay, what was actually said in the complaint that either was or was not sufficient? And the case law is pretty silent, actually. It's frustrating to me to try and find cases that actually told me what was or was not in the complaint. I had trouble finding them one way or the other. We didn't quite cross the T's and dot the I's in this particular issue and didn't use the word demand or something. Wait a minute. We recognize the fact that you move the case from state to federal. There's different rules that apply. The fact is sometimes, as in Arizona, as in New York, you usually don't request a jury trial until later on in proceedings, closer to when the trial is. But we're not going to throw you out of court and not let you have a jury trial on that. We're going to go ahead and say, yes, if there's no pressure. I mean, that's a good rule. And another good rule would be to say, you know, we're going to hold you free to the fire. And so that next time you get called into a federal court or next time other lawyers get hold of the federal court, they will be sure to comply with those federal rules. That's another perfectly good rule, isn't it? I think we have a divisional opinion at council table on that. Well, Judge Kaczynski's question is pre-state of the result. He says you have to comply with those federal rules. But that begs the question, what's the federal rule require? Counsel, would you turn back with me to 81C? Because there's a clause in here that I would like you to help me understand. I'd like you to go back to the sentence that Judge Fletcher referred to in the middle of 81C. And if you'll read with me. Okay. I'm down in the middle of the paragraph. If at the time of removal all necessary pleadings have been served, a party entitled to trial by jury under Rule 38 shall be accorded it. Now, if we stop there, then we could simply refer to Rule 38 and think about whether you had properly requested, endorsed a demand for a jury in your complaint. But it's not. There's a comma there. And then it says, if the party's demand, therefore, is served within 10 days after the petition for removal is filed, if the party is the petitioner, that would be you. Doesn't that suggest that you have to file within, if you're entitled to a jury under Rule 38, you're good if you demand a jury within 10 days. And the next sentence says, if, however, I'm paraphrasing a little bit, a party who prior to removal has made an express demand for trial by jury in accordance with state law, that's not you, need not make a demand after removal. So the second sentence says, if you properly filed in state court a demand for a jury, then you don't have to, you don't have to do anything further. You did not do that. Which means that that first sentence says, if you're entitled to a jury, 10 days after the case is removed, you have to file a demand for a jury if you're entitled to one. But you didn't do that. I think your answer to that is Mondor. Yeah, exactly. I've got a follow-up with Mondor. You're right. I think Mondor comes in and specifically talks about 81 and 81C, and basically references 81C back to Rule 38.   One, if you disagree with the Mondor court, it says, OK, but that's precedent in this circuit. And Mondor, to me, was a reasoned decision to try to really say, OK, rather than all the, you know, there are some things, we have some problems. The bottom line here is, this is a case that should be tried before a jury. The defendant is not prejudiced hereby. Let's move on. Let's allow the jury trial. And the other case, as I see here, almost all the cases with a court like this, an appellate court reviews the state court decision, it's because the state court has denied it to the trial jury. Here, this is a flip-flop. It seems to me that this court should do everything it can to try to uphold the right of a plaintiff to have a jury when the trial judge found that. But I don't think there's an understanding. Well, you know, you'd have a better argument on that if we had some sort of reasoned decision from the trial judge. But I don't hardly see that he even understood the issue, much less exercised discretion on the point. All we have is the one page of the transcript that Judge Fletcher read. And I must tell you, if deference were to be granted on this to the district court, this is not something that inspires great deference. And our cases seem to say that there is no deference on the question of whether there's something more here than mere neglect. And is there anything more here? I mean, let's talk about that. Let's talk about what our cases do talk about. And they say, well, generally, you can't ‑‑ let's say you've passed the deadline. It's over. Let's get into that territory. You can't revive it unless there is some cause beyond mere inadvertence. And is there anything else here other than the fact that counsel just forgot or didn't notice or was otherwise inadvertent? Well, I'm not going to say that. The argument is there was a bit of inadvertence because of the fact that the complaint ‑‑ our complaint complied with the state law at the time that it was filed. So technically, there was a jury demand that was required until later. But there was references in here to the jury as may be found in the jury. You have to find yourself, to answer this question, you have to find yourself in a comfortable position of having us have already determined that you goofed. Okay? You can't answer the question without making that assumption that you blew it. You should have asked for a jury demand you didn't. The question now becomes, does the district court have discretion to relieve you or whoever your predecessor counsel was of the mistake because it was based on more than inadvertence? So you have to now explain to us not why you were right, but why the thing that you made a mistake about was based more than inadvertence. Otherwise, you can't answer the question. We moved on. That's why we went into the balancing test. Assume for the moment that there's a problem. Okay? And that this is not a demand for jury trial in red or black or whatever with that. Still, the court can have a balancing test to go in. And I think that's what should be done here. I don't think you're answering my question. You want to argue the test now. But the test, as I read the cases, is if you have missed the deadline, mere inadvertence is not enough. You need something more. It's not balancing. You have to show that the deadline was missed on account of something beyond inadvertence. And I'm just asking, what is it on this record that would satisfy or that would support a finding of more than you blew it? I don't think that's the only inquiry. I don't think the inquiry stops you. That is my inquiry. If you don't have an answer, that's okay. You may disagree with the question. But the question is, assuming that that's my question, do you have an answer? The answer is no. That's okay, too. You may be right. Maybe I'm asking the wrong question. Well, I could be. I mean, believe me, there are two chances you'll see that I'm asking the wrong question. Okay. Which cases? Which are these cases? What's the best one of your cases? I'm going back to the weighing test. See, Pacific Fisheries is a real case out of our circuit in 2001. Okay? It's a specific case. So you can't be – I didn't understand. Pacific Fisheries is a real case. Correct. Directly on point. That's binding authority from our circuit. You can't beat a specific case with sort of a general run of cases. You've got to come up with another specific case that's better, that trumps that one. I'll be honest with you. I hope I have been honest with you. You'll continue to be honest with us. There we go. The fact is that what you're stating is the precedent in this circuit. But I'm stating to you that I think it's time for this circuit to open up that, re-evaluate that precedent, and look at the other districts to see if the weighing test is appropriate. You're aware that we can't do it on the three-judge panel? I don't think you have to go that far. As I say, I think that there's enough notice in here. It may not be the most articulate notice, but it was the fact that there was a case, that the end purpose case was that there was nothing in it. We understand your position. Can I ask just one last question? Mr. Stewart, I want to ask you the same question I asked Mr. Badeau very briefly. If we were to determine that this had to go back for a jury trial, does the whole thing have to be retried? Can you sever out your rehabilitation claims? What happens when you have a – the jury didn't distinguish between ADA and rehabilitation claims on the damages. I can't see that. Okay. All right. Thank you. Okay. I don't remember. Did you have any time left? No. Okay. Case decided. We'll stand for a minute. We'll next hear argument in Rogers v. Salt River Project.
judges: Kozinski, W. Fletcher, Bybee